IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY DOE, AN INDIVIDUAL KNOWN TO DEFENDANTS | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 04-938 |
| | : | |
| v. | : | |
| | : | |
| MATCH.COM, INC. AND MATCH.COM, L.P. | : | |
| | : | |
| Defendants | : | |

## JOINT REPORT OF RULE 26(f) CONFERENCE

Defendants believe that discovery could be completed within 3 months. However, plaintiff believes that, due to anticipated discovery disagreements and the high probability that multiple motions will be needed, a discovery period of 3 to 6 months is impracticable, and that a period of 9 months is needed, subject to extension.

The positions of the parties are otherwise reflected in their respective letters of June 28, 2004 (attached hereto as Exhibits A and B), with one clarification – that plaintiff has corrected defendants' misunderstanding and confirmed that emotional distress and humiliation damages are indeed being claims. Given this additional information, defendants believe that a mental health examination of the plaintiff may be appropriate.

Counsel for plaintiff has agreed that counsel for defendants can file this Joint Report on the behalf of both parties.

Respectfully submitted,


/s/ Christopher J. Huber
Vincent V. Carissimi
Christopher J. Huber
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Defendants Match.com, Inc. and
Match.com, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2004, a true and correct copy of the Joint Report

Of Rule 26(f) Conference was served by first class mail, postage pre-paid on the following:

William P. Murphy, Esq.
Murphy & Goldstein, P.C.
1616 Walnut Street, Suite 2000
Philadelphia, PA 19103

_____
Christopher J. Huber

EXHIBIT A

# Pepper Hamilton LLP
#### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Christopher J. Huber
direct dial: 215.981.4446
direct fax: 215.689.4678
huberc@pepperlaw.com

June 28, 2004

## VIA FACSIMILE AND FIRST CLASS MAIL

William P. Murphy, Esq.
Murphy & Goldstein, P.C.
1616 Walnut Street
Suite 2000
Philadelphia, Pa. 19103

Re:    **Doe v. Match.com - Civil Action No. 04-938**

Dear Bill:

This letter serves to outline Match.com's position following the Rule 26(f) conference you and I conducted on June 18, 2004.

Match.com currently expects to require discovery regarding Ms. Doe's internet activities, what newsgroups and other services she uses, whether she has publicized her sexual orientation beyond Match.com, her email and web-surfing habits, her reasons for using Match.com, what she did in response to the messages she received, and her claimed damages. Given your statement that you do not expect to claim economic damages or emotional distress damages, we do not currently see the need for an independent medical exam. This may change, of course, as the case develops. Match.com also currently is considering the necessity of hiring a forensic computer specialist to examine Ms. Doe's computer.

Match.com believes that a confidentiality order would be appropriate in this case. You tentatively agreed, pending consultation with your client.

Match.com intends to depose Ms. Doe. The need to depose other witnesses will depend on your self-executing disclosures and the results of discovery.

To the extent you seek to depose employees of Match.com, Match.com intends to make those employees available where they live or work.

---

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |

| Berwyn | Harrisburg | Princeton | Wilmington |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

William P. Murphy, Esq.
Page 2
June 28, 2004

        We agreed that there is no need to alter the limits on discovery contained in the Federal Rules of Civil Procedure.

        Although Match.com believes that three months would be more than enough time to complete discovery, it is willing to agree to a six month discovery calendar to begin when the Court enters its decision on the pending motion to dismiss. In addition, to the extent the parties identify experts, expert reports and depositions would take place after the conclusion of fact discovery.

        We also agreed that each party would make its initial disclosures under Rule 26(a) on Friday, July 2, 2004.

                                Sincerely,

                                Christopher J. Huber

cc:    Vincent V. Carissimi, Esq.

EXHIBIT B

Law Offices of
# MURPHY & GOLDSTEIN, P.C.
Attorneys and Counselors At Law

William P. Murphy, Esq.
   Member PA, D.C. Bars
Howard K. Goldstein, Esq.
   Member PA, NJ, NY Bars

1616 Walnut Street, Suite 2000
Philadelphia, PA 19103
Tel. 215-731-1230
Fax 215-731-1344

June 28, 2004

Christopher Huber, Esquire
Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103

*VIA FAX and REGULAR MAIL*

Re: *Doe v. Match.com, Inc., et al.*

Dear Mr. Huber:

Following our meeting of June 18, 2004, in your offices, I am memorializing my positions in respect to a proposed discovery plan, as per our agreement.

Without restricting plaintiff's ability to adjust for new information and while taking a broad view of the areas set forth, the primary areas of inquiry for plaintiff concern the following: privacy policies and procedures of defendants; computer/internet security measures and associated technology and management and previously known flaws; the considerations and factors in extending the online dating service to same-sex dating; advertising of same sex dating service; the hiring, training, supervision and performance of employees (including Mr. Riios) regarding private information of subscribers and communications therewith; the origin, investigation of and response to the improper e-mail activity in this case; contract formation issues (depending on the presence of such issues after a decision on the Motion to Dismiss); and ultimately the wealth of defendants for punitive damages purposes.

As to non-deposition discovery, plaintiff has already served a first set of requests for production which plaintiff believes must be deemed timely as of two weeks following the June 18, 2004 conference. A first set of Interrogatories and requests for admissions will also be served by or after that date and should become answerable within the period specified by the Rules themselves. It is anticipated that motions with respect to production and interrogatory answers will be needed, based on our somewhat different view of the scope of plaintiff's discovery. It is anticipated further that a second set of such discovery will be needed, especially in view of the as-yet-unknown nature of the defendant's security system and the likely necessity for expert evaluation.

Plaintiff expects the need for deposition testimony of defendant's CTO or designee as to the computer security systems in effect at the time of the incident and a

Page 2
Christopher Huber, Esquire
June 28, 2004

adequacy of information provided in paper discovery. Plaintiff may take the deposition of Mr. Rios, his supervisor, trainer and/or the one(s) who hired him; and possibly a person or persons involved in the aftermath of the discovery of the incident, such as Mr. Carranza. (The ability to identify deponents will depend greatly on defendants' disclosures and answers to written discovery.) Plaintiff will agree at defendants' request to delay deposition discovery until the motion to dismiss is decided *but only if* that decision comes within one and one-half month of this letter. If no decision is rendered by that time, plaintiff will reevaluate that posture in light of the circumstances as then appear.

Plaintiff seeks to have defendants produce their employees and officers in Philadelphia or (as a compromise) in Delaware, where the defendants are incorporated. Plaintiff does not believe that defendant can fairly require plaintiff, who was injured in this venue where defendants advertised and undertook to provide services, to travel about the nation to depose persons in reference to the handling of plaintiff's Philadelphia-based subscription.

Plaintiff anticipates a possible expert in computer/cyber-security, but she may also use an expert in another area.

Because of the likelihood of complexity arising from the novel Internet areas at issue in this case (as already demonstrated by the subjects addressed in the motion to dismiss) and because of the need of layers of discovery to establish a foundation for depositions particularly on the specialized subject matter of the computer/internet security, plaintiff believes discovery should be no less than 9 months in length, with one month after close for expert reports, and motions for summary judgment. Plaintiff further anticipates there will be objections to areas of plaintiff's discovery in this case raising novel computer/Internet security issues and for that reason believes that any shorter schedule would be infeasible as it would not permit the timely presentation of motions to the court when they arise and thus serve to disrupt the interrests of full discovery.

Plaintiff anticipates agreeing to confidentiality of all proprietary technical information only, subject to court approval.

It also occurs to me, although we did not discuss it, that Ticketmaster may be a proper defendant on alter ego grounds.

I look forward to the receipt of your correspondence and to the preparation of a report to be presented within the period required by the Rules.

Very truly yours,

WILLIAM P. MURPHY, ESQ.
Attorney for Plaintiff