IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY DOE, AN INDIVIDUAL KNOWN TO DEFENDANTS : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MATCH.COM, INC. AND MATCH.COM, L.P. : <br> : <br> Defendants : | CIVIL ACTION <br> NO. 04-938 |

## ANSWER

Defendants Match.com, Inc. and Match.com, L.P. (collectively "Match.com" or "Defendants")[1], by and through their undersigned counsel, hereby answer the complaint. All allegations of the complaint not specifically admitted below are hereby denied. In response to the allegations contained in the individually-numbered paragraphs of the complaint, defendants further state as follows:

1.  Upon information and belief, defendants admit the allegations in paragraph 1.

2.  Admitted in part and denied in part. Defendants admit that plaintiff is named in the caption of the complaint by a pseudonym and further admit that her true identity is known to defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and therefore deny them.

---

[1] On May 7, 2002, Match.com, Inc., a Delaware corporation, was converted into a Delaware limited partnership and renamed Match.com, L.P. Match.com, Inc. no longer exists and therefore is an improper defendant.

3. Denied.

4. Admitted in part and denied in part. Defendants admit that Match.com, L.P., is headquartered in Richardson, Texas. Defendants deny the remaining allegations of paragraph 4.

5. Admitted in part and denied in part. Defendants admit that Match.com, L.P., operates the Match.com online dating service. Defendants deny the remaining allegations of paragraph 5.

6. Denied.

7. Admitted in part and denied in part. Defendants admit that plaintiff subscribed to the Match.com online dating service in or about March 2003. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and therefore deny them.

8. Denied that the amount in controversy is in excess of $75,000.

9. Admitted in part and denied in part. Admitted that the complaint purports to bring claims sounding in tort and contract. Defendants deny the remaining allegations of paragraph 9.

### The Match.com, Online Dating Service Subscribed to by Plaintiff

10. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore deny them.

11. Admitted in part and denied in part. To the extent that the allegations of paragraph 11 purport to describe the terms of any contracts between defendants and its subscribers, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants admit that Match.com, L.P., operates the Match.com online dating

service and obtains various information from its customers. Defendants deny the remaining allegations of paragraph 11.

12.  Admitted as to Match.com, L.P. Denied as to Match.com, Inc.

13.  Admitted in part and denied in part. To the extent that the allegations of paragraph 13 purport to describe the terms of any contracts between defendants and its subscribers, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants admit that Match.com, L.P., operates the Match.com online dating service and obtains various information from its customers and makes some or all of that information available through its services as designated by its customers. Defendants deny the remaining allegations of paragraph 13.

14.  Admitted in part and denied in part. To the extent that the allegations of paragraph 14 purport to describe the terms of any contracts between defendants and its subscribers, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants admit that Match.com, L.P., operates the Match.com online dating service and obtains various information from its customers and makes some or all of that information available through its services as designated by its customers. Defendants deny the remaining allegations of paragraph 14.

15.  To the extent that the allegations of paragraph 15 purport to describe the terms of any contracts between defendants and its subscribers, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants deny the remaining allegations of paragraph 15.

16.  Admitted.

17.  Admitted as to Match.com, L.P. Denied as to Match.com, Inc.

18. Admitted as to Match.com, L.P. Denied as to Match.com, Inc.

19. Admitted as to Match.com, L.P. Denied as to Match.com, Inc.

20. Admitted in part and denied in part. Defendants admit that plaintiff subscribed to the Match.com online dating service in or about March 2003. Defendants are without knowledge or information sufficient to form a belief as to the truth of what plaintiff purportedly relied upon and therefore deny the remaining allegations contained in paragraph 20.

21. Admitted in part and denied in part. Defendants admit that plaintiff supplied her name, age, address, telephone number, an e-mail address and credit card information when she subscribed to the Match.com online dating service. Defendants deny the remaining allegations contained in paragraph 21.

22. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore deny them.

23. Admitted in part and denied in part. Defendants admit that plaintiff subscribed to the Match.com online dating service in or about March 2003. Defendants are without knowledge or information sufficient to form a belief as to the truth of what plaintiff purportedly relied upon and therefore deny the remaining allegations contained in paragraph 23.

24. Admitted.

25. Denied. To the extent that the allegations of paragraph 25 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants deny any remaining allegations contained in paragraph 25.

26. Denied. To the extent that the allegations of paragraph 26 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for

themselves and any characterizations inconsistent with their terms are denied. Defendants deny any remaining allegations contained in paragraph 26.

27. Denied. To the extent that the allegations of paragraph 27 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants deny any remaining allegations contained in paragraph 27.

28. Denied.

29. Denied.

### Defendants' Conduct

30. Denied.

31. Defendants admit that the allegations in paragraph 31 accurately summarize parts of the document attached to the complaint at Exhibit A.

32. Defendants admit that the allegations in paragraph 32 accurately summarize parts of the document attached to the complaint at Exhibit B.

33. Admitted in part and denied in part. Defendants admit that plaintiff contacted Javier Carranza regarding certain e-mails she received and that she sent select e-mails to Javier Carranza. Defendants deny the remaining allegations contained in paragraph 33.

34. Denied.

35. Admitted.

36. Admitted in part and denied in part. Defendants admit that Rick Riios was fired and that Rick Riios sent e-mails to plaintiff. Defendants specifically deny that Rick Riios was acting within the scope of his employment. Defendants deny the remaining allegations contained in paragraph 36.

## COUNT I (Intrusion Upon Seclusion/Privacy Claim vs. Defendants)

37. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1-36.

38. Denied. To the extent that the allegations of paragraph 38 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 and therefore deny them.

39. Denied. To the extent that the allegations of paragraph 39 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 and therefore deny them.

40. Denied.

41. Denied.

42. Denied. To the extent that the allegations of paragraph 42 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 and therefore deny them.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied. To the extent that the allegations of paragraph 50 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. The remaining allegations in paragraph 50 state legal conclusions to which no response is required. If and to the extent an answer is required, the allegations are denied.

WHEREFORE, defendants demand judgment in their favor and against the plaintiff, together with such further relief as this Court may deem appropriate.

### COUNT II (Breach of Fiduciary Duty Claim vs. Defendants)

51. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1-50.

52. Admitted in part and denied in part. To the extent that the allegations of paragraph 52 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants admit that plaintiff subscribed to Match.com in or about March, 2003 and in doing so agreed to the terms and conditions in place at the time of her subscription. Defendants deny any remaining allegations contained in paragraph 52.

53. To the extent that the allegations of paragraph 53 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants deny any remaining allegations contained in paragraph 53.

54. To the extent that the allegations of paragraph 54 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants deny any remaining allegations contained in paragraph 54.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

WHEREFORE, defendants demand judgment in their favor and against the plaintiff, together with such further relief as this Court may deem appropriate.

### COUNT III (Breach of Contract Claim vs. Defendants)

60. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1-59.

61. Admitted in part and denied in part. To the extent that the allegations of paragraph 61 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants admit that plaintiff subscribed to Match.com in or about March, 2003 and in doing so agreed to the terms and conditions in place at the time of her subscription. Defendants deny any remaining allegations contained in paragraph 61.

62. To the extent that the allegations of paragraph 62 purport to describe the terms of any contracts between defendants and the plaintiff, such contracts speak for themselves and any characterizations inconsistent with their terms are denied. Defendants deny any remaining allegations contained in paragraph 62.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

WHEREFORE, defendants demand judgment in their favor and against the plaintiff, together with such further relief as this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### SECOND AFFIRMATIVE DEFENSE

2. Rick Riios was not acting within the scope of his employment and was not acting as an agent of defendants when he acted as alleged in the complaint.

### THIRD AFFIRMATIVE DEFENSE

3. Match.com, Inc., no longer exists and had no relationship to the facts of this case and thus is not a proper defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's alleged injuries and damages were caused by the acts or omissions of Rick Riios acting outside the scope of his employment and defendants are not liable for those actions.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims for punitive damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by prohibition of excessive fines contained in the Eighth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred by the doctrine of waiver.

       /s/ Christoper J. Huber
Vincent V. Carissimi
Christopher J. Huber
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103
215-981-4000

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2004, a true and correct copy of Defendants' Answer was served by first class mail, postage pre-paid on the following:

William P. Murphy, Esq.
Murphy & Goldstein, P.C.
1616 Walnut Street, Suite 2000
Philadelphia, PA 19103

_____
Hadley B. Perkins